RENDERED: JULY 30, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0325-WC

TRACY SCOTT TOLER          APPELLANT

v.
PETITION FOR REVIEW OF A DECISION
OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-18-82397

OLDHAM COUNTY FISCAL COURT;
HONORABLE JONATHAN R.
WEATHERBY, ADMINISTRATIVE
LAW JUDGE; AND WORKERS'
COMPENSATION BOARD          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, JONES, AND McNEILL, JUDGES.

COMBS, JUDGE: This is a Workers' Compensation case involving a knee injury sustained by Appellant, Tracy Scott Toler (Toler). January 16, 2018, Toler injured his knee in the course and scope of his employment with Appellee, Oldham County Fiscal Court (Oldham County). After our review, we affirm.

The opinions of the Administrative Law Judge (ALJ) and Workers' Compensation Board (Board) contain detailed discussions of the evidence presented. The medical evidence regarding permanent impairment was conflicting. Dr. Craig Roberts examined Toler at the request of his own attorney. Dr. Roberts assigned a total 6% whole person impairment comprised of 4% for partial medial and lateral meniscectomies and 2% for pain-related impairment under the American Medical Association (AMA) *Guides to the Evaluation of Permanent Impairment*, Fifth Edition (*Guides*). Oldham County obtained a records review from Dr. Christopher Brigham, who assigned a 4% whole-person impairment under the *Guides*.

The issues which Toler raises on appeal concern Dr. Brigham's report and impairment rating. By notice dated May 8, 2020, Oldham County filed Dr. Brigham's report "to be considered as evidence for all purposes in this matter. Dr. Brigham's medical index number is 8042A."[1] The attached curriculum vitae

---

[1] Kentucky Revised Statutes (KRS) 342.033 permits a party to "introduce direct testimony from a physician through a written medical report. The report shall become a part of the evidentiary record, subject to the right of an adverse party to object to the admissibility of the report and to cross-examine the reporting physician." 803 Kentucky Administrative Regulations (KAR) 25:010(10)(4) provides that if the "qualifications of the physician who prepared the written medical report have been filed with the commissioner and the physician has been assigned a medical qualifications index number, reference may be made to the physicians index number in lieu of attaching qualifications[.]"

reflects that Dr. Brigham is licensed to practice medicine in Maine, Hawaii, and California.

Toler filed an objection to the filing of Dr. Brigham's report on the ground that he is not a physician as defined in KRS 342.0011(32) because he is not licensed in Kentucky. The ALJ directly addressed this issue in his opinion and order of September 20, 2020, concluding that Dr. Brigham's report was admissible:

> 19. The Plaintiff has challenged the admissibility of the report of Dr. Brigham due to his being a physician licensed outside of the Commonwealth based upon the definition of "Physician" as it appears in KRS 342.0011 which provides:
>
>> "Physician" means physicians and surgeons, psychologists, optometrists, dentists, podiatrists, and osteopathic and chiropractic practitioners acting within the scope of their license issued by the Commonwealth.
>
> 20. The ALJ notes that these definitions are listed with the caveat, "unless the context requires otherwise" and finds that the intent of this particular provision is not to limit the ability of otherwise qualified physicians to render opinions that may be used in Workers' Compensation jurisprudence. Additionally, Dr. Brigham possesses a Kentucky Physician Index Number on file with the Department of Workers' Claims which provides significant context to the interpretation of this definition.
>
> 21. The ALJ therefore finds that the context of the definition of the "Physician" dictates a more expansive definition of the term than that suggested by the Plaintiff

and that to conclude otherwise would frustrate the aims of the Department that has provided Dr. Brigham with a Physician Index number. The ALJ thus finds that the report of Dr. Brigham is admissible herein.

The ALJ awarded permanent partial disability benefits based upon the 4% impairment rating assigned by Dr. Brigham, having found his opinion to be more credible than that of Dr. Roberts.

On October 5, 2020, Toler filed a petition for reconsideration, which the ALJ denied by an order entered on October 14, 2020.

Toler appealed to the Board and again argued that Dr. Brigham is not a "physician" as defined by KRS 342.0011(32). Toler also argued that Dr. Brigham never examined him as required by the *Guides* in order to make a pain rating assessment. By February 22, 2021, opinion,[2] affirming, the Board explained as follows:

> While we acknowledge KRS 342.0011(32) defines "physicians" as one of the specified practitioners acting within the scope of his or her license issued by the Commonwealth, the opening caveat – i.e. "unless the context otherwise requires" – does, as interpreted by the ALJ, seemingly afford the ALJ the discretion to look beyond the confines of the definition. Thus, we hold the ALJ's interpretation of the caveat is harmonious with the wide discretion afforded to Administrative Law Judges in the workers' compensation arena by both statutory and case law.

---

[2] The Board's opinion was originally entered on February 12, 2021, withdrawn on February 22, 2021, and re-entered on February 22, 2021.

-4-

The ALJ set forth a thorough and cogent explanation why he believes the statute permits him to rely upon Dr. Brigham's opinions despite the fact that he is not licensed to practice medicine in Kentucky. Persuasive to the ALJ is the fact that Dr. Brigham possesses a Physician Index Number on file with the Department of Workers' Claims. The ALJ ultimately concluded that a more expansive definition of "physician" is appropriate in this context, as the objectives of the Department would be frustrated if the opinions of a physician to whom the Department issued a Physician Index Number were excluded from consideration. Indeed, we find there to be an illogical notion for the Department of Workers' Claims to issue a Physician Index Number to a physician upon whom an ALJ could not rely.

The Board disagreed with Toler's argument that Dr. Brigham was required to examine Toler in person before rendering a pain rating assessment. The Board explained that "there is nothing within the AMA Guides, which directly mandates only a physician who conducts a physical examination of a claimant can formulate a pain rating assessment." (Underline original.) Additionally, the Board noted that the greater weight that the ALJ gave to Dr. Brigham's opinion is a matter of the ALJ's discretion. "KRS 342.285 grants an ALJ as fact-finder the sole discretion to determine the quality, character, and substance of evidence. Square D Co. v. Tipton, 862 S.W.2d 308 (Ky. 1993). This Board's task on appeal does not encompass second-guessing this discretion." (Underline original.)

On appeal to this Court, Toler argues: (1) that Dr. Brigham is not a physician as defined by KRS 342.0011(32) and that, therefore, his report cannot be

-5-

admitted into evidence nor relied upon as substantial evidence; and (2) that Dr. Brigham never examined Toler as required by the *Guides* in order to make a pain rating assessment.

In our review of a Board decision, it is well settled that our task is to correct the Board only where we perceive that "the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). Mindful of that strict standard, we are satisfied from our review that the Board's analysis of the issues raised by Toler on appeal is correct.

Accordingly, we AFFIRM.


ALL CONCUR.


BRIEF FOR APPELLANT:

Bruce Anderson
Louisville, Kentucky

BRIEF FOR APPELLEE TAYLOR
COUNTY FISCAL COURT:

Thomas L. Ferreri
Louisville, Kentucky